UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
FILED
JUL 06 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-56-KSF

UNITED STATES OF AMERICA, PLAINTIFF

V.  **MEMORANDUM OPINION AND ORDER**

ADNAN SHALASH, ET AL., DEFENDANTS

\* \* \* \* \*

## I. INTRODUCTION

Pursuant to Fed.R.Crim.P. 41(g), defendant Adnan Shalash, by counsel, moved for the return of some of the property and business records that were seized, pursuant to a search warrant, from his business premises, S & A Wholesale at 980A Nandino Blvd., Lexington, Kentucky, on March 17, 2005. Defendant is not claiming that the search of S & A Wholesale and seizure of property therefrom was illegal; instead, defendant requests the return of all property "which does not directly have a legal significance to the charges against the Defendant." Motion, p. 1 - DE #26. Defendant has also requested the return of his business records seized; defendant states that he has no objection to the government copying any document that was seized, but argues that the government's refusal to return these documents to him is an unnecessary hindrance to him in the operation of his business and in preparing a defense against the charges lodged against him in the indictment.[1]

Subsequent to the filing of the United States' response to the foregoing motion, the Magistrate Judge conducted an evidentiary hearing on defendant's motion for the return of property.

---

[1] On April 7, 2005, a 16-count indictment was returned against Adnan Shalash and co-defendant Ibrahim Shalash, charging them with, *inter alia*, conspiring to possess and receive stolen property that had traveled in interstate commerce, in violation of 18 U.S.C. § 371. Adnan Shalash was charged in Counts 1, 2, 6, 7, 9, 10, 11, 12, 13, and 15 of the indictment, which also included charges of having violated 18 U.S.C. §§ 2314, 2315 and 28 U.S.C. § 2641. The United States also seeks a money judgment against Adnan Shalash for One Million Dollars, pursuant to 18 U.S.C. § 981(c), for the other alleged violations, and the forfeiture of certain realty and personal property.
    On June 2, 2005, a 21-count superseding indictment was returned against defendants herein, charging, in addition to the same charges contained in the original indictment, Adnan Shalash with five (5) counts of having violated 18 U.S.C. § 1956(a)(1)(A)(i).

At this hearing, the court heard testimony from FBI Special Agent Christopher Jancosko, defendant Ibrahim Shalash, and Jerry Dale Biggs, all of whom were called by the United States in support of its opposition to defendant's motion for the return of property, and all of whom were cross-examined by counsel for defendant Adnan Shalash.

## II. FACTUAL BACKGROUND

On March 15, 2005, FBI Special Agent Joseph Moutz obtained five search warrants from the Magistrate Judge for the search of the following properties: (a) S & A Wholesale, 980A Nandino Blvd., Lexington, KY 40503, defendant Adnan Shalash's business premises, (b) residence located at 3313 Fox Den Circle, Lexington, KY 40515, defendant Adnan Shalash's residence, (c) residence located at 1028 Millcreek Court, Lexington, KY 40517; (d) M & M Grocery, 398 East Fifth Street, Lexington, KY 40508; and (e) a warehouse located at 978A Nandino Boulevard, Lexington, KY 40503.

The present motion for the return of property and business records concerns only the search warrant executed at S & A Wholesale, 980A Nandino Boulevard, Lexington, KY 40503. At that time, the application for search warrant for this property was identified as Magistrate Action No. 05-5041M. As previously stated, this search warrant was executed on March 17, 2005; the receipt for property seized from this property reflects that a total of 352 items of property, as more particularly described in the receipt, were seized from this property.

## III. MOTION FOR RETURN OF PROPERTY

Fed.R.Crim.P. 41(g) provides in part that a person deprived of property may move the district court for the return thereof on the ground that such person is entitled to lawful possession of the property. Thus, defendant Adnan Shalash has the burden of establishing that (a) he is lawfully entitled to the seized property, (b) the property is not contraband, and (c) the government no longer has a need to use the property as evidence. *Ferreira v. United States*, 354 F.Supp.2d 406 (S.D.N.Y. 2005). Thus, this determination hinges on whether the seized property in question has evidentiary value or is stolen property. Property that is stolen was not lawfully possessed by defendant Adnan

2

Shalash and need not be returned, irrespective of whether it is evidence of the crimes charged in the indictment. *Ferreira, supra,* at 411; *Green v. United States*, 90 F.Supp.2d 229 (E.D.N.Y. 2000). Additionally, property which is used by the defendant to further his criminal activity need not be returned to him. *Shirazi v. United States*, 2002 WL 31055964 (N.D. Ill. 2002) (unreported).

In support of his motion for return of seized property, defendant Adnan Shalash argues that while he was only charged with three separate instances of receiving stolen property, the United States seized hundreds of products from his warehouse at 780A Nandino Boulevard which are not related in any way to the allegations of criminal activity charged in the indictment. Defendant also argues that the seizure of the property in question has resulted in a tremendous financial hardship because it has rendered him unable to conduct his business. For these reasons, defendant requests that the property that is unrelated to the charges contained in the indictment be returned to him so that he can continue to operate his business; however, defendant does not specify which items of the 352 items seized should be returned to him.

As to the business records seized from defendant's business premises, defendant requests that the numerous boxes of business records seized be returned to him; however, defendant has no objection to the government copying any business record or document seized. As grounds for this request, defendant argues that he needs these business records in the ongoing operation of his business and to assist him in preparing a defense to the charges lodged against him herein.

In response to defendant's motion for the return of seized property, the United States advises that it has returned some of the seized property to defendant, those items that lacked evidentiary value or that were doubtful as being stolen property. However, the United States argues that the seized property remaining in its possession should not be returned to the defendant because it (a) is stolen property, (b) is the instrumentalities of crime, and (c) is possible evidence at trial.

At the evidentiary hearing conducted on July 1, 2005, the United States presented evidence, including incriminating testimony from co-defendant Ibrahim Shalash, that defendant Adnan Shalash's business enterprise consists primarily of purchasing stolen merchandise that has traveled

3

in interstate commerce and is then "cleaned" and repackaged for sale as though it had been obtained legitimately. In a nutshell, the United States offered evidence that defendant Adnan Shalash engages in illegal fencing on a regular basis, and the defendant presented no evidence to refute the proof offered by the United States at this hearing.

Having considered the testimony presented and the exhibits offered by the United States at this evidentiary hearing, the Magistrate Judge concludes that the government has established that it has a legitimate reason not to return most of the seized property remaining in its possession to defendant, since it appears that the bulk of the seized merchandise is stolen merchandise that is either the fruits of crime or potential evidence of a crime.

Accordingly, **IT IS ORDERED** that the motion of defendant Adnan Shalash for the return of seized property [DE #27] is **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. The United States is directed to review defendant's business records seized and determine which business records seized support its allegations that the merchandise seized is either (a) stolen property, (b) the instrumentalities of crime, or (c) possible evidence at trial.

2. If any of the business records seized do not support the government's allegations that the merchandise seized is either (a) stolen property, (b) the instrumentalities of crime, or (c) possible evidence at trial, and the United States has no need for these business records, they are to be returned to defendant Adnan Shalash within ten (10) days of the date of this Order.

3. As to those seized business records the United States has determined it needs, the United States is directed to provide defendant Adnan Shalash with copies thereof, at the government's expense, within ten (10) days of the date of this Order.

4. As to defendant's seized property, with the exception of candy bars, light bulbs, nails, shirts, wax paper, rattleshakes, and film, defendant Adnan Shalash has failed to make the requisite showing that he is lawfully entitled to the property seized and/or that the seized property is not contraband and/or that the United States has no need for use of thereof as evidence at trial.

Therefore, the United States is not required to return it, and defendant's motion for the return of said property is **DENIED**.

5. Defendant's motion for the return of seized property is **GRANTED** as to the seized candy bars, light bulbs, nails, shirts, wax paper, rattleshakes, and film, and the United States is directed to return these seized items to defendant Adnan Shalash within ten (10) days of the date of this Order.

This 6th day of July, 2005.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE